## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**JESSICA CURRY**                              **NO. 4:11-CV-0378**
**GARY CURRY**

                                               **JUDGE KANE**

**v.**

                                               **MAGISTRATE JUDGE METHVIN**

**ESTATE OF WILLIAM V. MARVIN**
**GILCO TRUCKING, INC.**

### REPORT AND RECOMMENDATION
### ON DEFENDANTS' MOTION TO STAY OR TO DISMISS
*(Doc. 6)*

This diversity tort action involves a rear-end collision on Interstate-80 near

Bloomsburg, Pennsylvania. Plaintiff Jessica Curry seeks damages for injuries to

her back, neck, and right arm. Plaintiff Gary Curry seeks damages for loss of

consortium. The driver of the tractor-trailer which rear-ended the Curry's car,

William Marvin, was killed. Defendants are the Estate of William Marvin and

Gilco Trucking, Inc., owner of the tractor-trailer for whom Marvin was working at

the time of the accident.

Before the court is defendants' motion to dismiss or stay the instant action

on grounds that each of them previously sued the Currys in separate state court

actions in connection with the same accident.[1] Defendants contend that abstention

---

[1] Doc. 6.

is proper under the *Colorado River* doctrine because there are parallel actions pending in the state court, and exceptional circumstances justify abstention.

The motion has been referred to the undersigned for a Report and Recommendation, and is ripe for disposition.[2] For the following reasons, it is recommended that the motion be denied.

## FINDINGS AND RECOMMENDATIONS

## I. Background

On the afternoon of March 16, 2009, plaintiffs' 1997 Ford Explorer broke down on the I-80 westbound bridge over the Susquehanna River in Bloomsburg, Pennsylvania. There being no shoulder on that portion of the roadway, Gary Curry and passenger Dustin Snyder got out and began pushing the car while Jessica Curry steered. According to plaintiffs, several vehicles safely passed the Curry's disabled vehicle before trucker William Marvin approached at an excessive rate of speed and collided with the Curry's car. After the initial impact, Marvin's truck hit a concrete wall, rolled on its side, and caught fire. Marvin died as a result of his injuries.

---

[2]   Defendants filed the motion to dismiss on March 22, 2011 along with a supporting brief. (Docs. 6, 7).  Plaintiff filed an answer to the motion and a brief in opposition on April 15, 2011. (Docs. 10, 11). A reply was filed on July 13, 2011. (Doc. 14). On May 2, 2011 Judge Kane referred the pending motion for summary judgment to undersigned. (Doc. 12)

3

Two suits relating to this accident were filed against the Currys in the Court of Common Pleas of Columbia County: 1) Marvin's mother, Donna Gerner, individually and as representative of the Estate of William Marvin, filed a wrongful death and survival action on March 1, 2010; and 2) Jill E. Nuffer and Lee H. Gill, d/b/a Gilco Trucking, filed a property damage claim for $105,000 on October 12, 2010. Plaintiffs filed the present action on February 28, 2011.

## II. Issues Presented

The present motion raises the following issues:

1. Should the court abstain pursuant to the *Colorado River* doctrine?

2. If abstention is not warranted, should this action be stayed pending resolution of the state court actions?

## III. Discussion

Defendants contend that this court should abstain from exercising jurisdiction over this matter given the simultaneous proceedings of two related actions in state court. Plaintiffs contend that this action is distinct from the state court matters and that it should proceed. Plaintiffs also state that the Gerner/Marvin Estate suit has settled, and that, as to the Gilco suit, plaintiffs have

4

tendered the limits of their insurance policy.[3] Plaintiffs state that "the status of the property damage litigation . . . is uncertain at best."[4]

Since defendants did not file a reply brief addressing the issue of settlement, the undersigned issued an order on June 29, 2011directing the defendants "to file a reply brief which addresses 1) the status of the state court suits filed against the Currys; and 2) if one or both suits have been settled and/or dismissed, the effect of same on the applicability and analysis of the *Colorado River* factors."[5]

Defendants filed a reply brief on July 13, 2011 stating they do not dispute that the Gerner/Marvin Estate case has settled, but that "the case is still open on the docket as that case has not yet been marked as discontinued."[6] As to the Gilco suit against the Currys, defendants state that "[t]he Currys have <u>not</u> tendered the limits of their insurance policy to Gilco Trucking as they aver in their Brief."[7] Defendants further assert that the state court suits "may be consolidated, so that

---

[3] Plaintiffs' Memorandum of Law, Doc. 11, p.2.

[4] *Id.* at p.2, fn.1.

[5] Doc. 13.

[6] Doc. 14, at 2.

[7] *Id.* at 3.

5

the parties in this Federal lawsuit are exactly the same as those in the state court."[8]

Defendants further argue:

> Even if the Estate of Marvin State Court Action against the Currys would not be consolidated with the GILCO Trucking State Action against the Currys, the GILCO Trucking State Action is parallel to the Federal Court Action as a state lawsuit is considered "parallel" if <u>substantially the same parties</u> are involved. . . Since the Columbia County Action filed by GILCO Trucking, <u>who employed decedent Marvin at the time of the accident</u>, is against both Mr. and Mrs. Curry, the parties are already substantially the same in that state case, as in the instant Federal case.[9]

In summary, there is no dispute that one of the related lawsuits has settled, although a formal dismissal has not been entered. The second lawsuit, filed by Gilco against the Currys, appears to be in some state of settlement negotiations, although the parties differ on what offers have been communicated and/or received. In any event, both suits remained pending on the docket as of July 13, 2011, the date defendants filed their reply pursuant to the court order.

The issue of abstention concerns the *Colorado River* doctrine and, consequently, an analysis thereunder will be taken.

---

[8] *Id.*

[9] *Id.*, at 3-4 (emphasis in original).

6

*(A) Abstention*

"A federal district court has discretion to abstain from exercising
jurisdiction over a particular claim where resolution of that claim in federal court
would offend principles of comity by interfering with an ongoing state
proceeding." *Addiction Specialists, Inc. v. Twp. of Hampton*, 411 F.3d 399, 408
(3d Cir.  2005) (citing *Younger v. Harris*, 401 U.S. 37 (1971)). The Supreme Court
has recognized, however, that abstention is an "extraordinary and narrow
exception to the duty of a District Court to adjudicate a controversy properly
before it. Abdication of the obligation to decide cases can be justified under this
doctrine only in the exceptional circumstances where the order to the parties to
repair to the state court would clearly serve an important countervailing interest."
*County of Allegheny v. Frank Mashuda Co.*, 360 U.S. 185, 188-89 (1959);
*Heritage Farms, Inc. v. Solebury Twp.*, 671 F.2d 743, 746 (3d Cir. 1982).

Federal courts have a "virtually unflagging obligation . . . to exercise the
jurisdiction given them." *Colorado River Water Conservation Dist. v. United
States*, 424 U.S. 800, 817 (1976) (citation omitted). Thus, generally, "the
pendency of an action in . . . state court is no bar to proceedings concerning the
same matter in the federal court having jurisdiction . . . ." *Id.* (citation omitted).
Nonetheless, when there are concurrent state proceedings, in "exceptional"

circumstances, a district court may stay or dismiss a case for reasons of "wise judicial administration." *Id.* at 817-18.

The Third Circuit Court of Appeals has outlined the doctrine of abstention as applicable to four situations: (1) "cases that present federal constitutional issues that might be mooted or presented in a different posture by a state court determination of pertinent state law," *see R.R. Comm'r v. Pullman Co.*, 312 U.S. 416 (1941); (2) "cases that present difficult questions of state law bearing on policy problems of substantial import whose importance transcends the result in the case at bar," *see Burford v. Sun Oil Co.*, 319 U.S. 315 (1943); (3) "cases in which federal jurisdiction has been invoked for the purpose of restraining valid, good faith state criminal proceedings," *see Younger, supra* (1971); and (4) "cases in which abstention might be proper out of respect for considerations of [wise] judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation," *see Colorado River*, 424 U.S. at 800; *IFC Interconsult, AG v. Safeguard Int'l Partners, LLC*, 438 F.3d 298, 305 (3d Cir. 2006) (quotations and citations drawn from opinion). Of the four potential types of abstention, the fourth, *Colorado River* abstention, is relevant here.

Under the *Colorado River* abstention doctrine, the court must apply a two-part test: first, the court must determine whether the actions in the state and

federal fora are parallel, and second, the court must perform a balancing of interest

considering a number of factors in order to determine whether there exist

exceptional circumstances to justify abstention.

For a district court to even entertain abstention there must be a

contemporaneous, parallel judicial proceeding. *IFC Interconsult*, 438 F.3d at 306;

*Colorado River*, 424 U.S. at 800. The proceedings must have substantial similarity

of parties, claims, and time. *IFC Interconsult*, 438 F.3d at 306. "Parallel cases

involve the same parties and 'substantially identical' claims, raising 'nearly

identical allegations and issues.'" *Yang v. Tsui*, 416 F.3d 199, 205 (3d Cir. 2005)

(quoting *Timoney v. Upper Merion Twp.*, 66 F. App'x. 403, 405 (3d Cir. 2003)).

In the present case, there is no single parallel state court action which

contains a substantial similarity of parties and claims. As discussed above, there

are two contemporaneous state court actions, each involving one of the defendants

here. Further, the Gerner/Marvin Estate case has settled, although, for the moment,

it remains on the docket. The Gilco suit, filed in the same court, also remains on

the active docket, although plaintiffs were of the belief that they had tendered their

insurance limits in connection with this suit. Although defendants contend that the

two state court actions "may" be consolidated, no formal motion has been filed,

nor does it seem likely that a court would consolidate a settled action with a matter

still in dispute. In absence of consolidation, the present federal action contains common, but not identical, parties.

Mindful of the "virtually unflagging obligation [of the court] to exercise the jurisdiction given [it]," based on these determinations, the state and federal actions, although related, are not parallel for purposes of the *Colorado River* abstention doctrine. Because defendants have failed to carry their burden  to establish parallel action in state court warrants abstention in federal court, such relief in not appropriate.  Accordingly, analysis of the additional *Colorado River* factors is not necessary.

*(B) Stay of Proceedings*

The standard for staying a case is identical to the standard for abstaining and dismissing a case under *Colorado River*. *See Spring City Corp.*, *supra* at 171 (3d Cir.1999). The Supreme Court has expressly left open the question whether a federal court should dismiss or stay its proceedings when ordering abstention because of duplicative state court litigation.

> "We have no occasion ... to decide whether a dismissal or stay should ordinarily be the preferred course of action when a district court properly finds that *Colorado River* counsels in favor of deferring to a parallel state-court suit. We can say, however, that a stay is as much a refusal to exercise federal jurisdiction as a dismissal. When a district court decides to dismiss or stay under Colorado River, it presumably concludes that the parallel state-court litigation will be an adequate

10

vehicle for the complete and prompt resolution of the issues between
the parties."

*Moses H. Cone*, 460 U.S. at 28. Concluding that there is no practical difference

between a stay and abstention, the Supreme Court held that "a stay of the federal

suit meant that there would be no further litigation in the federal forum; the state

court's judgment on the issue would be *res judicata*." *Id.* at 10. In essence, the stay

is equivalent to a dismissal in such cases because the defendant is "effectively out

of [federal] court." *Id.*

Thus, in instances where it appears that the state court proceedings will

address all matters raised in the federal action, a stay has the practical effect of an

abstention. *See McMurray v. De Vink*, 27 F. App'x. 88, 92 (3d Cir. 2002)

(reversing district court ruling that stay, rather than abstention, was appropriate by

concluding that "[t]he stay that was entered [was] nothing more than the

procedural mechanism for abstaining in favor of the concurrent state litigation.").

Having concluded that abstention is not appropriate, and because a stay would

have the practical effect of abstention, a stay of the proceedings pending the

resolution of the state court matters is not appropriate.

11

**IV. Recommendation**

Based on the foregoing, it is respectfully recommended that the motion to

dismiss (Doc. 6) be denied.

Signed August 1, 2011

MILDRED E. METHVIN
U. S. MAGISTRATE JUDGE